Filed 8/19/24  A.M. v. J.B. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| A.M.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>    Defendant and Appellant. | 2d Crim. No. B334306<br>(Super. Ct. No. D403096)<br>(Ventura County) |

J.B. (Father) appeals orders from the family law court concerning domestic violence protection to A.M. (Mother) and their two minor children; child custody; and visitation.  We affirm.

*FACTUAL AND PROCEDURAL HISTORY*

Mother and Father have two minor children together.  On January 5, 2022, Mother and Father agreed to share legal and physical custody of the two children.  By agreement on March 24, 2023, they stipulated to modified custody regarding the days of Father's custody.  These agreements were entered as orders of the Ventura County family law court.

In June 2023, Mother and Father began to live together in Van Nuys, California. The following month, Mother sought a domestic violence restraining order against Father in Los Angeles County family law court. She alleged that Father committed abuse and sexual assault against her. Mother also stated that Father possessed two firearms. She requested that Father be ordered to stay away from her and the children. Mother also requested child custody modification that would award her sole legal and physical custody and allow Father supervised visitation.

In July 2023, Father sought a domestic violence protective order against Mother in the Ventura County family law court. Father alleged that Mother threatened violence against him and that she abused alcohol, among other allegations. The Los Angeles County family law court later transferred the proceedings initiated by Mother to the Ventura County family law court and the matters were consolidated.

On November 9, 2023, the family law court issued a domestic violence protection order and an order for child custody. The court adopted the recommendations of the child custody recommending counselor and ordered that Mother have sole legal custody and that the parties share physical custody as they agree. The court also awarded Father four hours of supervised visitation each week.

Father appeals and contends that: 1) Mother's declaration supporting her petitions contain inadmissible evidence; 2) the child custody recommending counselor prejudged the matter; 3) the two minor children are wrongfully included as protected persons in the domestic violence restraining order; and 4) the

2

family law judge prejudged the matter, failed to award temporary visitation, and presided over Father's earlier criminal case.

*DISCUSSION*

*I.*

Father argues that the family law court erred by not holding a hearing regarding his 20 evidentiary objections to Mother's declaration. Many of Father's objections asserted lack of foundation, lack of Mother's personal knowledge, and undue prejudice.

Mother's declaration summarized Father's angry and abusive behavior and rested upon her personal knowledge. (Evid. Code, § 702, subd. (a) ["[T]he testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter"].) She described incidents of harassment and Father's threatening and violent behavior. There was no error in overruling the objections and permitting Mother's declaration evidence.

*II.*

Father contends that the child custody mediation was "incomplete," presumably because a six-month review hearing was scheduled. (Underscoring omitted.) He also asserts that the child custody recommending counselor prejudged the matter.

It is the appellant's burden to provide an adequate record on appeal. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Ibid.*) These rules apply equally to self-represented appellants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) Here Father has not provided either a reporter's transcript or a settled statement. He has not met his burden of establishing error.

3

## III.

Father complains that his minor children are listed as persons to be protected from him by the domestic violence protection order.

The order reasonably protects Mother and the minor children. Mother declared that Father was angry, abused alcohol, and made threats sometimes in front of the children. She described an incident that occurred in 2019 when he choked her in front of the oldest child. Mother also stated that Father withheld the children from her at times and threatened to hide them from her. There is no error in listing the children as protected persons.

## IV.

Father asserts that the family law judge prejudged the matter and failed to award him temporary visitation until completion of the mediation and hearing on Mother's petitions. Father also argues that the family law judge presided over Father's 2019 criminal case regarding the alleged choking of Mother.

Father has not provided a record to establish error by the family law court. (*Jameson v. Desta, supra*, 5 Cal.5th 594, 609.) It is his burden to provide an adequate record to establish error. An appeal is not a second hearing or trial. (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.)

At Father's request, we took judicial notice of the docket sheet in his 2009 criminal case. (*People v. Brown*, Super. Ct. Ventura County, No. 2019037674.) The docket sheet reflects that the prosecutor charged Father with one count of battery upon the Mother of his child. (Pen. Code, § 273.5.) Following a preliminary examination, Father was held to answer. The

4

prosecutor declined to proceed with the matter, however, and requested that the court dismiss the prosecution. Judge Baio, the family law judge in this matter, granted the dismissal. Judge Baio had no other connection with the battery prosecution against Father.

## V.

Father complains that many of the documents that he submitted to the family law court are not included in the clerk's transcript. Father states that he personally handed these documents to the family law judge during the August 7, 2023, hearing. We have granted his motion to augment the appellate record to include these documents. Father has not established error by the failure to provide the documents in the appellate record before augmentation.

## DISPOSITION

The orders are affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

CODY, J.

5

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

J.B., in pro. per., for Defendant and Appellant.
No appearance for Plaintiff and Respondent.